```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

SHARON H. ROBINSON             *        CIVIL ACTION

VERSUS                         *        NO: 06-4268

STATE FARM MUTUAL INSURANCE    *        SECTION: "D"(3)
COMPANY
```

**ORDER AND REASONS**

Before the court is the **"Motion for Summary Judgment"** (Doc. No. 15) filed by Defendant, State Farm Fire and Casualty Company (State Farm), in its capacity as flood carrier, a Write-Your-Own carrier participating in the U.S. Government's National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001 *et seq.*), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States."[2] **No memorandum in opposition was filed.**

The motion, set for hearing on Wednesday, November 7, 2007, is before the court on briefs, without oral argument. Now, having considered the memorandum of State Farm's counsel, the record, and

---

[1]   44 C.F.R. §62.23(f).

[2]   42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

the applicable law, the court finds that there is no genuine issue of material fact and State Farm is entitled to judgment as a matter of law.

In this Hurricane Katrina-related matter, Plaintiff seeks flood insurance proceeds allegedly owed on a Standard Flood Insurance Policy for flood damage to Plaintiff's property located at 5801 Parkaire Drive, Metairie, Louisiana. However, based on the undisputed Affidavit of Vickie Temonia (a Claim Team Manager for State Farm), there is no record that Plaintiff ever submitted a complete and timely Proof of Loss for her alleged Katrina-related flood damage. (*See* Doc. No. 15-5, Temonia Affidavit).

As a matter of law, such a failure to timely file the requisite proof of loss is fatal to Plaintiff's instant claims against State Farm. *Wright v. Allstate*, 415 F.3d 384, 387-88 (5th Cir. 2005); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. ; and *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545-46 (5th Cir. 1998).[3]

---

[3] This court has previously held that under binding Fifth Circuit precedent, a plaintiff's failure to timely file a sworn proof of loss is fatal to a claim for federal benefits under the Plaintiff's SFIP. (*See e.g., Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity Nat. Ins.* Co., 2007 WL 2363141 (E.D.La. 2007)(McNamara, J.); *Newlin v. Fidelity National Property & Casualty Ins. Co.*, 2007 WL 1466819 (E.D.La. 2007)(McNamara, J.), *Airhart v. Allstate Insurance Company,* 2007 WL 2127720 at *2 (E.D.La. 2007)(McNamara, J.); and *Sandot v. La. Citizens Fair Plan*, No. 06-3783, Doc. No. 25 (McNamara, J).

Further, Plaintiff's state-law claims asserted against State Farm (for attorney's fees, expenses and interest) are pre-empted by the National Flood Insurance Act and related regulations.  *Gallup v. Omaha Property & Casualty Ins. Co.*, 434 F.3d 341, 344-45 (5th Cir. 2005); *Wright*, 415 F.3d at 389-90.

Accordingly;

**IT IS ORDERED** that State Farm's **"Motion for Summary Judgment"** be and is hereby **GRANTED**, dismissing Plaintiff's claims against State Farm with prejudice.

New Orleans, Louisiana, this **7th** day of **November, 2007.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE